FILED

NOT FOR PUBLICATION

JUL 11 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CESAR R. RODRIGUEZ,

Plaintiff - Appellant,

v.

J. PUENTE; et al.,

Defendants - Appellees.

No. 11-17290

D.C. No. 3:10-cv-02585-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Cesar R. Rodriguez, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

process violations in connection with his continued assignment to the security

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

housing unit ("SHU") based on his re-validation as a prison gang associate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Rodriguez's due process claim because, even assuming that there was a liberty interest at stake in avoiding continued confinement in the SHU, Rodriguez failed to raise a genuine dispute of material fact as to whether he was denied due process. *See Wilkinson v. Austin*, 545 U.S. 209, 228-29 (2005) (notice and opportunity to be heard, involving informal, non-adversarial procedures, are adequate safeguards for placement in maximum custody); *Bruce*, 351 F.3d at 1287 (prison gang validation decisions require prison officials to provide an inmate with notice of the charges against him and an opportunity to present his views, and are reviewed under the "some evidence" standard). Contrary to Rodriguez's contentions, it is not appropriate for this court to "independently assess witness credibility, or reweigh the evidence." *Bruce*, 351 F.3d at 1287.

Rodriguez's remaining contentions, including those concerning any misidentification by the district court of Rodriguez as a prison gang "member" rather than an "associate," are unpersuasive.

Issues that are not specifically and distinctly raised and argued in the

opening brief are deemed waived.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th

Cir. 1999).

**AFFIRMED.**